**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Babyage.com, Inc. and The Baby Club Of America, Inc. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>Toys "R" Us, Inc., d/b/a Babies "R" Us, )<br>Toys "R" Us- Delaware, Inc., Baby Bjorn, )<br>AB, Britax Child Safety, Inc. Kids Line, LLC )<br>MacLaren USA, Inc., Medela, Inc., )<br>Peg Perego U.S.A., Inc., and Regal Lager, )<br>Inc., )<br>)<br>Defendants. ) | C.A. No. 2:05-06792-AB |

**BRIEF IN SUPPORT OF MOTION TO DISMISS ACTION
AS TO REGAL LAGER, INC. FOR FAILURE
TO PROSECUTE AND COMPLY WITH A COURT ORDER**

Pursuant to Fed. R. Civ. P. 41(b), Regal Lager, Inc. (hereinafter "Regal Lager") presents this brief in support of its motion to dismiss this action brought by Babyage.com, Inc. ("Babyage") and The Baby Club of America, Inc. ("Baby Club") as to defendant Regal Lager for failure to prosecute and comply with a court order.

**I. INTRODUCTION.**

On November 20, 2006, the United States District Court for the Northern District of Georgia entered a judgment compelling Babyage and Baby Club to submit this action against Regal Lager to arbitration. <u>Regal Lager, Inc. v. The Baby Club of America, Inc. and Babyage.com, Inc</u>., 2006 U.S. Dist. LEXIS 84610. On November 22, 2006, this Court stayed this action as to Regal Lager pending arbitration. [Dkt # 141].

Since these orders more than four years ago, neither Baby Club nor Baby Age has commenced arbitration. Importantly, the underlying facts in this Sherman Act claim concern events that started in 1999, over ten years ago. (Second Amended Complaint ¶48 [Dkt # 19]) Moreover, Plaintiffs' four-year delay in complying with the order to submit their claims to arbitration is outside the statute of limitations for the asserted federal causes of action under §§ 1 and 2 Sherman Act.[1] 15 U.S.C. § 15b.

A plaintiff should not be able to disregard with impunity an order to arbitrate. Windward Agency, Inc. v. Cologne Life Reinsurance Co., 353 F.Supp. 2d2d 538 (E.D. Pa. 2003 *aff'd.* 123 Fed. Appx. 481 (3d Cir. 2005). The Plaintiffs' unjustified delay warrants an order by the Court dismissing this action with prejudice under Fed. R. Civ. P. 41(b).

## II. DISCUSSION.

Under written retailer agreements between Regal Lager and Baby Club and Babyage, the parties agreed to submit claims arising or relating the agreements to the American Arbitration Association ("A.A.A.") in Atlanta, Georgia. *See* **Brief in Support of Motion to Stay Action as to Regal Lager, Inc. Pending Arbitration and Notice of Filing of Petition to Compel Arbitration in the United States District Court for the Northern District of Georgia (hereinafter "Brief In Support of Motion to Stay")**. [Dkt # 53-1, 2].

---

[1] Second Amended Complaint filed 2/28/2006, Claims I and III [Dkt # 19]. Claims II and IV were not directed at Regal Lager. Claims V and VI are pendant state law claims for intentional interference with contractual relations and unjust enrichment. Under Pennsylvania law, the statute of limitations for these pendant claims is also four years. See *infra*..Part II, 2 of this brief.

After Plaintiffs refused to arbitrate, Regal Lager filed a petition to compel arbitration pursuant to § 4 of the Federal Arbitration Act ("F.A.A."), 9 U.S.C. § 4, on April 21, 2006 in the Northern District of Georgia, Atlanta Division. Exhibit A to **Brief in Support of Motion to Stay** [Dkt # 53-2].[2] Complementing the petition to compel arbitration, on April 25, 2006, Regal Lager filed a **Motion to Stay Action as to Regal Lager, Inc. Pending Arbitration** in this Court pursuant to § 3 of the F.A.A. 9 U.S.C. § 3. [Dkt # 53-1].

On November 20, 2006, the Northern District of Georgia entered Judgment in Regal Lager's favor requiring Baby Club and Babyage to submit to arbitration. (A true and correct copy of the Judgment is attached as **EXHIBIT A HERETO).** *See also* order and opinion in Regal Lager, Inc. v. The Baby Club of America, Inc. and Babyage.com, Inc., 2006 U.S. Dist. LEXIS 84610.

On November 22, 2006, this Court entered an order granting Regal Lager's motion to stay this action pending arbitration. [Dkt # 141].

Even though the Judgment compelling arbitration by the Northern District of Georgia constituted a final decision under of 28 U.S.C. § 1291, neither Baby Club nor Babyage appealed. Similarly, neither Baby Club nor Babyage requested permission for an interlocutory appeal under 28 U.S.C.§ 1292(b) of this Court's order staying the proceedings. Finally, despite four years, neither Baby Club nor Babyage has complied with the order to submit the claims to arbitration.

---

[2] Because the parties' agreement required arbitration in Atlanta, Georgia, the federal court in the district encompassing Atlanta had jurisdiction to compel arbitration in Atlanta. Econo-Car Int'l v. Antilles Car Rentals, Inc., 499 F.2d 1391, 1394 (3d Cir. 1974).

During a status conference in this action on October 7, 2009, this Court specifically asked counsel for Plaintiffs why they had not commenced arbitration against Regal Lager. While the Court's question was transcribed as "inaudible," the response by Plaintiffs' counsel Peter Kohn reveals the nature of the question:

> THE COURT: Really? Why not, do you know?
> MR. KOHN: Well, our – our clients have not yet authorized us to initiate arbitration as to Regal Lager. We have Baby Bjorn here in this case. The sales of Regal Lager products are the very same sales that Baby Bjorn is responsible for. We have no obligation to arbitrate as to Baby Bjorn, and --- that's the reason.

(Oct. 7, 2009 Hearing Trans. P. 3:1-10 [Dkt # 515], a copy of which is attached as **EXHIBIT B HERETO**).

The statements by Plaintiffs' counsel disclose that 1) Plaintiffs knew that, if they wished to pursue a claim against Regal Lager, they would have to commence arbitration, 2) they chose not to authorize their counsel to commence arbitration against Regal Lager, and 3) instead of commencing arbitration, Plaintiffs consciously chose to pursue their claims regarding the products sold by Regal Lager by maintaining their action against Baby Bjorn AB, another party defendant in this case.

Fed. R. Civ. P. 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

This Court in <u>Linda Herrman v. All State Insurance Co</u>., 450 F. Supp. 2d 537 (E.D.Pa. 2006) (J. Brody), dismissed a plaintiff's action after she failed to pursue arbitration for seven years. In dismissing the action, this Court considered the six

factors set forth by the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails and analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense.

As held by this Court, these six factors are not a formula, and it is not necessary that each factor be satisfied before the Court can dismiss the action. Furthermore, the Court need not hold a hearing prior to dismissal. Herrman, 450 F. Supp. 2d at 542.

Regal Lager addresses each of the factors in order:

**1. Baby Club and Babyage's personal responsibility.**

Since the orders compelling arbitration and staying this case pending arbitration in November 2006, Plaintiffs explained their decision not to start arbitration by stating that they had not authorized their counsel to do so and had chosen instead to litigate against another defendant, Baby Bjorn AB. (Oct. 7, 2009 Hrg. Tr. 3:1-10). Hence, this failure to act is attributed to Plaintiffs. This stands in sharp contrast to Herrman, where the Court could only surmise that the Plaintiff had been aware of the failure to prosecute: Id. at 542 ("it is improbable that [plaintiff] was unaware that there was no activity in either her state or federal case for a long time."). Thus, Plaintiffs bear personal responsibility by knowingly and deliberately choosing not to commence arbitration against Regal Lager after being ordered to do so if they wish to pursue their claim.

**2. Prejudice to Regal Lager.**

As noted in Herrman, prejudice may consist of the "irretrievable loss of evidence" and "the dimming of witnesses' memories." Id at 542. The underlying events in this case occurred during 1999 and 2001. (Second Amended Complaint ¶48).[3] Hence, as of November 2010, the initial facts occurred between eleven and nine years ago.

The A.A.A. Commercial Arbitration Rules and Mediation Procedures contemplate an expedited proceeding where there is no right to discovery. Instead, discovery is within the discretion of the arbitrators or is done by agreement of the parties. *See* A.A.A Rule L-4(d), which can be located at: http://www.adr.org/sp.asp?id=22114. Regal Lager requests that the Court take judicial notice of the A.A.A. Rules under Fed. R. Evid. 201. Consistent with the expedited nature of arbitration, the A.A.A. rules require scheduling of the hearing for "the earliest practicable date." AAA Rule R-22. http://www.adr.org/sp.asp?id=22440. Furthermore, the hearing in even complex cases must be scheduled on "in order to maximize efficiency and minimize costs." A.A.A. Rule L-4.

If Plaintiffs had not refused to arbitrate, the arbitration hearing could have occurred sometime during 2006 or 2007, when witnesses' memories regarding events that occurred between 1999 and 2001 were far fresher in their minds.

In Hermann, this Court found that after the passage of twelve years since the underlying events, "prejudice to the defendant can be assumed." Herrman, at 542. In this case, a conservative estimate shows that eleven to nine years have passed since the underlying events.

---

[3] On November 2, 2007, Plaintiffs filed a **Third Amended Complaint**. However, Plaintiffs stated: "Because of the stay against Regal Lager, this amended complaint, while making reference to Regal Lager, is not filed against it at this time." **Third Amended Complaint** p. 2 n. 1 [Dkt # 297] (filed under seal).

The Court should also assess prejudice with reference to the applicable statute of limitations. The policy considerations of statutes of limitations are relevant for assessing the prejudice caused by the delay in seeking enforcement of Plaintiffs' claim by arbitration.

> Statutes of limitations are designed to insure fairness to defendants by preventing the revival of stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses, and to avoid unfair surprise.

Johnson v. Railway Express Agency, 421 U.S. 454, 474 (1975).

The statute of limitations for §1 and §2 Sherman Act claims is 4 years. 15 U.S.C. §15b. Likewise, the statutes of limitations for the pendant state law claims, intentional interference and unjust enrichment under Pennsylvania law, are also four years. 42 Pa. Cons. Stat. Ann. § 5524(3); CGB Occupational Therapy, Inc. v. RHA Health Services, 357 F.3d (3d Cir. 2004) (interference with contractual relations); 42 Pa. Cons. Stat. §5525(4); Cole v. Lawrence, 701 A.2d 97, 989 (Pa. Super. Ct. 1997) (unjust enrichment).

Thus, when viewed from the standpoint of the applicable statute of limitations, the four-year delay in complying with the court order to arbitrate this action warrants a presumption of prejudice to Regal Lager. It is also noteworthy that other courts have dismissed for much shorter periods of delay in complying with an order to arbitrate. *See* James v. McDonald's Corporation, 417 F.3d 672 (7th Cir. 2005) (dismissing for failure to prosecute under Rule 41(b) when plaintiff delayed arbitration just <u>one</u> year after being ordered to do so).

   3. **History of Dilatoriness.**

Showing less diligence than in <u>Hermann</u> where the plaintiff actually initiated an arbitration proceeding that was later dismissed, Plaintiffs have taken <u>no</u> steps whatsoever to start the arbitration after being ordered to do so on November 20, 2006. As the Court held in <u>Herrmann</u>, Plaintiffs "had the burden of pursuing [their] claim if [they] were still interested in seeking damages." <u>Herrman</u>, at 543 quoting <u>Windward Agency, Inc. v. Cologne Life Reinsurance Co</u>., 353 F.Supp. 2d 538, 541 (E.D. Pa. 2003).

Furthermore, as this Court observed in <u>Herrman</u>: "Failure to prosecute in violation of Rule 41(b) may consist of deliberate delay or simple inaction." As already shown, Plaintiffs decision not to start arbitration was deliberate.

**4. <u>Whether Conduct was Willful or in Bad Faith</u>.**

Plaintiffs knew about the orders compelling them to arbitrate their claims and staying this action pending such arbitration. Indeed, Plaintiffs' counsel specifically stated that the Plaintiffs did not authorize him to start arbitration and chose to pursue another defendant, Baby Bjorn, for the claim involving the products sold by Regal Lager. (Oct. 7, 2009 Hearing Tr. P. 3:1-10). Thus, Plaintiffs acted willfully in failing to pursue arbitration.

**5. <u>Consideration of Sanctions other than Dismissal</u>.**

As noted in <u>Windward</u>, *supra*:

> The basic problem is the prejudice to the defendant from the twelve years that have passed since the events in question took place and the more than six years since the action was stayed pending arbitration. Fines and costs cannot turn back the clock or restore blurred memories or missing files.

<u>Id</u>. 353 F. Supp. 2d at 541.

Here the underlying facts took place eleven to nine years ago, and four years have passed since the orders compelling arbitration and staying this case. Alternative sanctions will not turn back the clock to restore blurred memories.

**6. <u>Meritoriousness of the Claim</u>**.

As discussed in <u>Herrman</u>, the complaint's survival of a motion to dismiss indicates some potential possibility of merit of the claim. However, "it would be unusual for a plaintiff 'with a strong case…to sit on their hands as this plaintiff has done. Common sense dictates that plaintiff's action is likely to be of questionable merit." <u>Id</u> at 544 quoting <u>Windward</u>, 353 F.Supp. 2d at 541 (internal punctuation omitted). There is little doubt that Plaintiffs have sat on their hands in failing to arbitrate this case, indicating that they indeed have a weak case against Regal Lager, or have concluded they can obtain relief for their alleged claim by pursuing the manufacturer, Baby Bjorn, in this case.[4]

WHEREFORE, defendant Regal Lager prays that the Court dismiss with prejudice the action by Baby Club and Babyage as against Regal Lager.

Respectfully submitted, this 23d day of November 2010.

| **D.R. MARTIN, LLC** | **MITRANI, RYNOR, ADAMSKY & TOLAND, P.A.** |
|---|---|
| /s/ David Martin | /s/ Isaac J. Mitrani |
| 5200 Peachtree Road | 301 Arthur Godfrey Road |
| Suite 3116 | Penthouse |

---

[4] Of practical albeit non-evidentiary interest, statistical data on Sherman Act rule-of-reason cases compellingly show that plaintiffs lose most rule of reason cases. M.A. Carrier, "The Rule of Reason: An Empirical Update for the 21st Century," Vol. 16 <u>Geo. Mason L. Rev</u>. 827 (2009) (a copy of the same is attached as **EXHIBIT "C" HERETO**"). "[P]laintiffs almost never win under the rule of reason. In 221 of 222 cases (all except a single balancing case), the defendant won." <u>Id</u>, at 830 (footnote omitted).

| | |
|---|---|
| Atlanta, GA  30341<br>Email:  dmartin@abogar.com<br>Tel.(770) 454-1999<br>Fax (770) 458-5709<br><br>Admitted pro hac vice<br>COUNSEL FOR DEFENDANT<br>REGAL LAGER, INC. | Miami Beach, Florida 33140-3546<br>Email: imtirani@mitrani.com<br>Tel.  (305)  358-0050<br>Fax:  (305) 358-0550<br><br>Admitted pro hac vice<br>COUNSEL FOR DEFENDANT<br>REGAL LAGER, INC. |