## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BABYAGE.COM, INC., et al.,

          Plaintiffs,

v.

TOYS "R" US, INC., et al.,

          Defendants.

Civil Action No. 05-06792

## DEFENDANT PEG PEREGO USA, INC.'S RESPONSE TO
## THE COURT'S JANUARY 13, 2011 ORDER TO SHOW CAUSE

Defendant Peg Perego USA, Inc., by and through its undersigned counsel, submits this response to the Court's January 13, 2011 Order to Show Cause why Defendants' Motion to Exclude Previously Undisclosed Damages (Doc. 574) (the "Motion to Exclude Damages") should not be denied as moot.

Peg Perego confirms that it is not, at this time, asking the Court to exclude any documents, data or testimony that have been produced as of the date of this Response solely on the ground that such information was not timely produced. However, Peg Perego anticipates that Plaintiffs' new damages theories, together with any supporting documents, data or testimony, will be the subject of a motion *in limine* to be filed by Peg Perego at an appropriate time and in accordance with the Court's Seventh Amended Scheduling Order. To avoid burdening the Court with multiple motions related to the same subject matter, Peg Perego will withdraw the current Motion to Exclude Damages (Doc. 574) without prejudice.

During their depositions in April 2010, Plaintiffs' Chief Executive Officers testified ***for the first time*** that Plaintiffs were seeking to recover millions of dollars in additional damages which had not been disclosed during fact or expert discovery. Defendants promptly moved to

exclude evidence relating to these new damages on the ground that they had not been timely disclosed, and the Court held a hearing on that motion on June 29, 2010.

At the hearing, the Court noted that its "inclination is to keep [the new damages theories] out" and that it was "unlikely" the Court would admit any evidence related to the new damages. June 29, 2010 Transcript, attached as *Exhibit A*, at pp. 17-18.  However, the Court opined that this topic was more properly the subject of a motion *in limine,* and deferred ruling on the Motion to Exclude Damages so that the parties could pursue additional discovery on the recently disclosed damages. *Id.*

On December 15, 2010, Plaintiffs served supplemental interrogatory responses further describing the basis for their new damages theories.  *See* Plaintiffs' Supplemental Response to Defendant Peg Perego's Interrogatory No. 7 ("Supplemental Interrogatory Responses"), attached as *Exhibit B*.  Those responses confirmed what Peg Perego has suspected all along: that there is simply no factual basis for the new damages claims.  In fact, as Peg Perego's damages expert explained when asked about the Supplemental Interrogatory Responses:

> . . . basically everything in here, with few exceptions, is unverifiable or where it's verifiable doesn't appear to be accurate. And I really don't know what to do with it.  It just, it seems to be made up numbers.

Transcript of Deposition of Duncan Cameron, excerpts of which are attached as *Exhibit C*, at p. 245.

Nonetheless, pursuant to the Court's comments during the June 29, 2010 hearing, the parties are proceeding with additional fact depositions to further explore the basis for Plaintiffs' newly-disclosed damages theories.   Specifically, Peg Perego has noticed Rule 30(b)(6)

depositions of both Plaintiffs to proceed on February 3 and 4, 2011 at the offices of Plaintiffs' counsel in New York.[1]

In sum, Peg Perego withdraws the Motion to Exclude Damages (Doc. 574) without prejudice. However, Peg Perego expressly reserves the right to challenge the admissibility of Plaintiffs' new damages theories, on the grounds articulated in the Motion to Exclude Damages or otherwise, at a later date. For the purposes of judicial economy and efficiency, Peg Perego will present all of its challenges to Plaintiffs' newly-disclosed damages in a single motion *in limine* filed in accordance with the Court's Seventh Amended Scheduling Order.

---

[1] Plaintiffs have objected to additional depositions of their individual fact witnesses, despite the fact that those individuals were identified in the Supplemental Interrogatory Responses as having directly participated in determining those new damages calculations. Peg Perego has agreed to proceed first with the Rule 30(b)(6) depositions, but has reserved the right to seek additional depositions as necessary.

Respectfully submitted,

Date: __January 20, 2011_____        /s/ Valerie B. Mullican_____
                                          Kendall Millard
                                          *kmillard@btlaw.com*
                                          Donald E. Knebel
                                          *dknebel@btlaw.com*
                                          Barnes & Thornburg LLP
                                          311 South Meridian Street
                                          Indianapolis, Indiana 46204
                                          (317) 236-1313

                                          Valerie B. Mullican
                                          *vmullican@btlaw.com*
                                          Barnes & Thornburg LLP
                                          171 Monroe Avenue NW, Suite 1000
                                          Grand Rapids, Michigan  49503
                                          (616) 742-3930

                                          Ralph J. Kelly
                                          *rkelly@mcshea-tecce.com*
                                          McShea/Tecce, P.C.
                                          1717 Arch Street, 28th Floor
                                          Philadelphia, PA 19103
                                          (215) 599-0800
                                          Attorneys for Defendant Peg Perego U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2011, a copy Defendant Peg Perego USA, Inc.'s Response to the Court's January 13, 2011 Order to Show Cause was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Date: January 20, 2011                   /s/ Valerie B. Mullican
                                         Valerie B. Mullican
                                         Barnes & Thornburg LLP
                                         171 Monroe Avenue NW, Suite 1000
                                         Grand Rapids, Michigan  49503
                                         (616) 742-3930
                                         *vmullican@btlaw.com*