## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., et al.,<br><br>        Defendants. | Civil Action No. 05-6792<br><br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION FOR SUMMARY JUDGMENT THAT
## PEG PEREGO HAS COMMITTED NO ANTITRUST VIOLATIONS

Defendant Peg Perego U.S.A., Inc. ("Peg Perego") hereby brings this Motion for Summary Judgment that Peg Perego Has Committed No Antitrust Violations. Peg Perego requests oral argument on this Motion. In support of its Motion, Peg Perego states as follows:

1. Peg Perego, along with dozens of other manufacturers, sells strollers, car seats, and high chairs to retailers.

2. Plaintiffs, Babyage.com, Inc. ("Babyage") and Baby Club of America ("Baby Club"), sell baby and juvenile products on their websites, and allege that one of their retail competitors, Babies 'R' Us ("BRU"), coerced and agreed with Peg Perego to implement and enforce a resale pricing policy in violation of the Sherman Act.

3. Peg Perego is entitled to summary judgment on all of Plaintiffs' claims against it for two independent reasons: *First,* even assuming a supposed BRU-Peg Perego "agreement" existed, Plaintiffs cannot establish a fundamental prerequisite of a viable rule of reason claim under Section 1 of the Sherman Act – namely, that the agreement harmed competition in a relevant market. *Second,* Plaintiffs' claim independently fails because the undisputed facts establish that Peg Perego's pricing policy was not the product of any "agreement" with or

"coercion" by BRU, but instead was Peg Perego's *own* policy, adopted and implemented four years before it had any business relationship with BRU (indeed, four years before BRU even existed).

4.      After plaintiffs filed this action, the Supreme Court jettisoned the view that resale price maintenance agreements were *per se* illegal, holding that such agreements must be evaluated under standard "rule of reason" principles.  *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007).  Under rule of reason analysis, a plaintiff bears the burden of proving that a challenged action caused harm to competition, which includes defining a relevant market and proving defendant had market power in that market.  *E.g., Gordon v. Lewistown Hosp.*, 423 F.3d 184, 210 (3rd Cir. 2005).

5.      Plaintiffs cannot prove harm to competition in any valid relevant market. Plaintiffs have submitted no evidence to support the "high-end" markets they alleged in their complaints and have no evidence of Peg Perego's share of any of these alleged markets.

6.      Plaintiffs have instead put forward a theory that Peg Perego products constitute their own relevant markets.  These market definitions directly contradict admissions in their complaints that Peg Perego products are in relevant markets that include other brands, and Plaintiffs are therefore precluded from relying on such single-brand markets.  *See, e.g., Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) (allegations in complaints are binding judicial admissions); *Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) ("Judicial admissions are formal concessions in the pleadings . . . that are binding upon the party making them.").  Judicial estoppel and admissions aside, Plaintiffs' newly purported single-brand markets also fail as a matter of law because they fail to include interchangeable products.  *E.g., Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430,

437-39 (3d Cir. 1997) (relevant market must include "all reasonably interchangeable products").

7.      Plaintiffs' claims also fail as a matter of law because the uncontested facts prove that Peg Perego's implementation and enforcement of its pricing policy was no more than the result of independent action.  Plaintiffs therefore cannot meet their burden to show concerted action.  15 U.S.C. § 1; *see also InterVest v. Bloomberg,* 340 F.3d 144, 159 (2003) (*InterVest II*) (to survive summary judgment in a rule of reason case, plaintiff "must show concerted action").

8.      The uncontested facts prove that Peg Perego established and enforced its pricing policy in 1992 for independent business reasons four years before BRU existed.  Plaintiffs' claims also fail because there is simply no evidence that links any action by BRU to the actions that Peg Perego allegedly took against the Plaintiffs.  Plaintiffs have <u>no</u> evidence that BRU ever requested that Peg Perego enforce its pricing policy against either of the Plaintiffs, and <u>no</u> evidence BRU ever requested that Peg Perego terminate Babyage (Babyage's claim of harm), or asked Baby Club to raise its prices (Baby Club's claim of harm).  Therefore, even if Plaintiffs could prove harm to competition in a relevant market (which they cannot) summary judgment should be granted because Plaintiffs cannot, as a matter of law, demonstrate the concerted action necessary to establish an antitrust violation.

9.      Plaintiffs cannot succeed on their conspiracy to monopolize claim under Section 2 for the same failure to present evidence of harm to competition in a relevant market, and failure to show evidence of concerted action, as well as the additional necessary element of specific intent to maintain monopoly power.

10.      For the reasons set forth above and in Peg Perego's accompanying Brief and Concise Statement of Material Facts Not in Dispute, Peg Perego is entitled to judgment as a matter of law on all counts directed against Peg Perego.

11.     WHEREFORE, Peg Perego respectfully moves the Court pursuant to Fed. R. Civ. P. 56(c) for summary judgment in its favor on each of the counts in Plaintiffs' Third Amended Complaint that are directed at Peg Perego (Counts I and III) and for all other just and proper relief.

Respectfully submitted,


Date:   March 1, 2011                              /s/ Valerie B. Mullican
                                                   Kendall Millard
                                                   *kmillard@btlaw.com*
                                                   Donald E. Knebel
                                                   *dknebel@btlaw.com*
                                                   Aaron M. Staser
                                                   *astaser@btlaw.com*
                                                   Barnes & Thornburg LLP
                                                   311 South Meridian Street
                                                   Indianapolis, Indiana 46204
                                                   (317) 236-1313

                                                   Valerie B. Mullican
                                                   *vmullican@btlaw.com*
                                                   Barnes & Thornburg LLP
                                                   171 Monroe Avenue NW, Suite 1000
                                                   Grand Rapids, Michigan  49503
                                                   (616) 742-3930

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2011, a copy of the foregoing was served upon the following counsel via the Court's ECF Filing System:

>  Eric L. Cramer
>  Jenna MacNaughton
>  BERGER & MONTAGUE, P.C.
>  1622 Locust Street
>  Philadelphia, PA 19103
>  Ecramer@bm.net
>  Jmacnaughton@bm.net
>
>  Kendall Scott Zylstra
>  Peter R. Kohn
>  FARUQI & FARUQI LLP
>  2600 Philmont Ave., Suite 324
>  Huntingdon Valley, PA 19006
>  kzylstra@faruqilaw.com
>  pkohn@faruqilaw.com

Date: March 1, 2011

/s/ Valerie B. Mullican
Valerie B. Mullican
Barnes & Thornburg LLP
171 Monroe Avenue NW, Suite 1000
Grand Rapids, Michigan  49503
(616) 742-3930
*vmullican@btlaw.com*

INDS02 ASTASER 1154721v1