IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-6792 |
| TOYS "R" US, INC., et al, | ) |
| Defendants. | ) |

### PEG PEREGO'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendant Peg Perego U.S.A., Inc. ("Peg Perego") recently became aware of the following relevant authorities, to which it directs the Court's attention in connection with Section III(A) of its Brief In Support Of Motion For Summary Judgment That Peg Perego Has Committed No Antitrust Violations (Dkt No. 612-1).

1. In *U.S. Horticultural Supply v. Scotts Co.*, 367 F. App'x 305, 310–11 (3d Cir. 2010) (unpublished decision) (Exhibit 1), the Third Circuit affirmed summary judgment against plaintiff USHS for failure to define a proper relevant market, finding that the plaintiff's "practical indicia" evidence could not replace an econometric analysis of actual pricing behavior:

> USHS' [practical indicia] evidence does not make 'reference to the rule of reasonable interchangeability and cross elasticity of demand' and is, therefore, legally insufficient. USHS' evidence fails to discuss price and use implications within its proposed market, *which is fatal to the analysis of interchangeable products under a rule of reason analysis* in this case. Further, USHS' expert report does not include specific information relating to price increases or price stability for substitute products in relation to a rise in the price of Scotts'

1

> [controlled-release fertilizer ("CRF")]. The report only states that CRF had distinct and separate prices from other substitutes, but fails to provide any economic analysis of these substitutes. The failure to present evidence that its pricing decisions are constrained cannot be overcome by the 'practical indicia' evidence offered by USHS. As such, USHS failed to satisfy its evidentiary burden to define the relevant product market.

*Id.* at 310–11 (emphasis added) (citing *Queen City Pizza Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997)).

2.  In *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1336–39 (11th Cir. 2010) (Exhibit 2), the court affirmed dismissal of a complaint challenging Tempur-Pedic's resale price maintenance (RPM) agreements because plaintiff failed to allege a plausible relevant market, as required after *Leegin Creative Leather Prods. v. PSKS, Inc.*, 551 U.S. 877, 907 (2007). The court confirmed that a plaintiff challenging an RPM agreement must define a plausible relevant market "[r]egardless of whether the plaintiff alleges actual or potential harm to competition," (citing *Federal Trade Commission v. Indiana Federation of Dentists*, 476 U.S. 447, 460-61 (1986)), and held that plaintiff's alleged submarket of "visco-elastic foam mattresses" was too narrow as a matter of law because it failed to account for other potentially interchangeable types of mattress products "on which people sleep." Allegations of "practical indicia" that foam mattresses were more expensive than traditional innerspring mattresses and had "unique attributes" were insufficient because "the significance of a submarket must be supported by demonstrable empirical evidence," and the alleged facts, assumed to be true, did not plausibly suggest a separate relevant market because they "do not indicate the degree to which consumers prefer visco-elastic foam mattresses to traditional mattresses…." *Id.* at 1338.

3. In *Jersey Asparagus Farms, Inc. v. Rutgers University*, Civil No. 10-2849 (FLW), 2011 U.S. Dist. LEXIS 58053, at *48–50 (D.N.J. May 31, 2011) (citing *U.S. Horticultural Supply v. Scotts Co.*, 367 F. App'x 305, 310–11 (3d Cir. 2010)) (Exhibit 3), the court granted defendant Rutgers's motion to dismiss antitrust claims, and advised that the plaintiff's alleged relevant market limited to Rutgers's varieties of asparagus "fails to adequately plead cross-elasticity of demand" notwithstanding plaintiff's allegation of a stark price differential between Rutgers asparagus and other varieties of asparagus, because "significant price differences do not always indicate distinctive markets."

4. In *Rock River Communications, Inc. v. Universal Music Group*, No. CV08-635 CAS (AJWx), 2011 WL 1598916, at *10–11, 15 (C.D. Cal. Apr. 27, 2011) (Exhibit 4), the court granted summary judgment for defendants on all antitrust claims because plaintiff failed to present sufficient evidence to support its alleged relevant market for "musical sound recordings … of the reggae genre." Although plaintiff submitted expert testimony and practical indicia evidence that reggae music was a "niche market," that a customer seeking to purchase a Bob Marley album (the bulk of the alleged reggae market) would not switch to other music in response to a 5% increase in price, and that reggae music had "distinct characteristics," such was insufficient to prove a relevant market with reference to reasonable interchangeability from the consumer's perspective. *Id*. at 10–11. (The court previously granted a motion to dismiss holding the alleged market for "Bob Marley sound recordings" was invalid as a matter of law. *Id*. at 15.)

Respectfully submitted,

Dated: June 10, 2011  */s/ Kendall Millard*
Kendall Millard
*kmillard@btlaw.com*
Donald E. Knebal
*dknebel@btlaw.com*
Aaron M. Staser
*astaser@btlaw.com*
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Valerie B. Mullican
*vmullican@btlaw.com*
Barnes & Thornburg LLP
171 Monroe Avenue NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3930

Counsel for Defendant
Peg Perego U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing document was filed electronically this 10th day of June, 2011. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eric. L. Cramer
Jenna MacNaughton
BERGER & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Ecramer@bm.net*
*Jmacnaughton@bm.net*

Kendall Scott Zylstra
Peter R. Kohn
FARUQI & FARUQI LLP
2600 Philmont Ave., Suite 324
Huntingdon Valley, PA 19006
*Kzylstra@faruqilaw.com*
*Pkohn@faruqilaw.com*

*s/ Kendall Millard*

INDS02 AORLOWSKI 1169625v2